Chief Justice Sharicey
delivered the opinion of the court.
The appellant Hurd intermarried with the widow of Buford, who died testate, leaving his said widow and two children, one of whom has since died. By the will Mrs. Buford was appointed executrix, and the appellant Smith executor. Smith took charge ■of the estate, and proceeded to execute the will, and to final settlement in the probate court. The complainants filed their bill in the probate court to set aside that final account. The bill alleges ■ that Mrs. Hurd and her infant daughter, who is also a complainant by her next friend, are the only legatees of Buford, the infant daughter being also heir to her deceased sister. That the sole administration of the estate was left to the appellee Smith. That a large amount of property came to his hands, amounting to seven thousand eight hundred and sixteen dollars and fifty cents, an inventory of which is made an exhibit. That he also sold real estate for the sum of three thousand dollars, and personal .estate to a considerable amount, and received hire for a number of negroes. The bill charges maladministration and fraud in the finaL settlement, and for that.reason prays that it may be set aside, and the administrator compelled to account fairly. To this *563 bill there was a demurrer, which was sustained, and this appeal taken.
By previous adjudications, we have held that the jurisdiction of the probate court was exclusive over all matters confided to it, and that its powers in this respect were co-extensive with those of a court of chancery. We did not however mean to say that all the rules of chancery pleading should be observed in the probate court. Manifest inconvenience might result from such a course; we could not therefore require the same strictness in the pleadings in that court, that would be required in the court of chancery, and still if parties think proper to conform to the rule of chancery pleading, there can be no objection to it.. We have also decided that the decisions of the probate court were conclusive on the parties when it has jurisdiction; and on this ground the demurrer was interposed. Without intending in the slightest degree to change or limit our decisions, we are compelled to reverse this judgment. The main, ground taken in the ■bill for opening the account is, that it was fraudulently made. Now if this be'true, the decree on the final settlement was not binding. Fraud vitiates every thing, judgments as rvell as contracts. It is admitted to be true by the demurrer, and being admitted, the judge decided improperly in sustaining the demurrer. The par ties having adopted a strict course of pléading in this instance, the rules applicable to chancery pleading will apply.' Now it is an inflexible rulé that fraud must be always answered, and whatever defects the bill may contain, yet if it contain a charge of fraud, that must be denied; the defects in the bill may be demurred to. By admitting the fraud, the relief becomes inevitable, and as a decree in chancery may be impeached for fraud, the same rule may be . applied to the decrees of the probate court. 4 J. C. Rep. 199; 5 lb. 60. If, therefore, there was fraud in this account, the allowance should have been set 'aside. This would have restored the character of the executor, and placed the executor again under the jurisdiction of the court. •
The judgment must be reversed, and' the cau'se remanded.